FILED
2009 Sep-01 AM 10:12
U.S. DISTRICT COURT
N.D. OF ALABAMA

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| KENNETH GREGORY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case Number: |
| v. ) | 2:09-cv-1643-JEO |
| ) | |
| R&L FOODS, LLC, ) | |
| ) | |
| Defendant. ) | |

## **MEMORANDUM OPINION**

This is a Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, et seq., case in which the plaintiff, Kennethy Gregory, seeks payment from his employer, defendant R&L Foods, LLC ("R&L") for unpaid overtime wages and liquidated damages, as well as attorney's fees and costs pursuant to 29 U.S.C. §§ 207(a)(1) and 216(b). (*See* Complaint ("Compl."), Doc. 1). It is now before the court on the parties' "Joint Motion for Approval of Settlement Agreement" ("Joint Mot.," Doc. 3), which was filed contemporaneously with the complaint. The parties have consented to the jurisdiction of the undersigned pursuant to 28 U.S.C. § 636(c). (Doc. 4). For the reasons that follow, the court concludes that it will approve the parties' settlement and dismiss the action with prejudice.

## DISCUSSION

The plaintiff alleges that he was employed by R&L as a maintenance technician for a period of two years. (Compl. ¶ 5). He contends that during that time he was not paid $8,500.00 in overtime due under the FLSA. (*Id.*). In the complaint, the plaintiff states that he is entitled to $8,500.00 in overtime, plus $6,000.00 in attorney's fees, expenses and costs. (*Id.*, Ad Damnum

Clause following ¶ 6). R&L has denied that the plaintiff was entitled to overtime compensation. (Joint Mot. ¶ 2). The parties have entered into a settlement agreement "in an effort to avoid expenses associated with prosecuting and defending the [claims]." (*Id.* ¶ 3). Under the terms of the settlement agreement (the "Agreement"), which is attached as an exhibit to the parties' joint motion (*see* Joint Mot., Ex. 1), R&L has agreed to pay the plaintiff the gross amount of $18,000.00, comprised of $8,5000 in unpaid overtime; $3,500.00 in additional compensatory compensation and consideration; and $6,000.00 in attorney's fees, expenses and costs. (Agreement ¶ 2).

Following the filing of the parties' joint motion, the undersigned received a letter brief from the parties outlining their computations regarding the amount of overtime allegedly worked by the plaintiff and his hourly rate of pay. It also outlines generally the time spent by plaintiff's counsel and his hourly rate. In addition, counsel for the defendant represented to the court over the phone that the parties had genuinely and good faith disputed the number of hours actually worked by the plaintiff; whether any violation by the employer had been in good faith; and, to a lesser degree, whether the plaintiff might have qualified for the "administrative" exemption. *See* 29 U.S.C. § 213(a)(1); 29 C.F.R. Part 541 Subpart C.

The FLSA provides that employees are generally entitled to receive overtime pay at one and one-half times their regular rate for all hours worked in excess of 40 per week. *See* 29 U.S.C. § 207(a)(1). An employer who violates the FLSA is liable to its employee for both unpaid overtime compensation and for an equal amount in liquidated damages. 29 U.S.C. § 216(b). In an action to recover unpaid overtime compensation, a court is further required to award a prevailing plaintiff a reasonable attorney's fee and costs of the action. *Id.*

(Doc. 6 at p. 3).

In *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350 (11th Cir. 1982), the court recognized that the provisions of the FLSA "are not subject to negotiation or bargaining between employers and employees." *Id.* at 1352 (citing *Brooklyn Sav. Bank v. O'Neil*, 324 U.S. 697, 65 S.Ct. 895, 902 (1945)). This is so because to allow FLSA rights to be "abridged by contract or otherwise waived ... would 'nullify the purposes' of the statute and thwart the legislative policies it was designed to effectuate." *Id.* (quoting *Barrentine v. Arkansas-Best Freight Syst.*, 450 U.S. 728, 101 S.Ct. 1437, 1444 (1981)); *see also Wethington v. City of Montgomery*, 935 F.2d 222, 229 (11th Cir. 1991). Thus, employees may not generally agree privately with their employers to waive or compromise their FLSA rights pertaining to either overtime wages owed or liquidated damages. *See Lynn's Food Stores*, 679 F.2d at 1352; *D.A. Schulte, Inc. v. Gangi*, 328 U.S. 108, 114-16 (1946); *see also Silva v. Miller*, 307 Fed. Appx. 349, 351 (11th Cir. 2009). Where, as here, there has not been a payment supervised by the Department of Labor, *see* 29 U.S.C. § 216(c); *Niland v. Delta Recycling Corp.*, 377 F.3d 1244, 1247 (11th Cir. 2004), "there is only one context in which compromises of FLSA back wage or liquidated damage claims may be allowed: a stipulated judgment entered by a court which has determined that a settlement proposed by an employer and employees, in a suit brought by the employees under the FLSA, is a fair and reasonable resolution of a bona fide dispute over FLSA provisions." *Lynn's Food Stores,* 679 F.2d at 1355. The primary focus of a court's inquiry in determining whether to approve an FLSA settlement is to ensure that an employer does not take advantage of its employees in settling their claim for wages and other damages due under the statute. *Collins v. Sanderson Farms, Inc.*, 568 F. Supp. 714, 719 (E.D. La. 2008).

Based upon its review of the complaint, the settlement agreement, the parties' joint motion to approve same, and the additional information provided by the parties' respective counsel, the court concludes that the settlement in this case represents a fair and reasonable resolution of a bona fide dispute over FLSA provisions. *Lynn's Food Stores*, 679 F.2d at 1355. The plaintiff is represented by independent counsel that is experienced in bringing FLSA overtime claims. The materials and information before the court support that there were genuinely disputed issues regarding at least the number of hours of overtime the plaintiff actually worked and whether any violation of the FLSA was in good faith, authorizing a compromise of the claim. The settlement amount, which is specified in the Agreement, includes appropriate amounts for disputed overtime pay; an additional amount for additional "compensatory damages and consideration" (although this amount is expressly not denominated as liquidated damages under the Act); and for attorney's fees, expenses, and costs. Accordingly, the settlement agreement is due to be approved and this matter dismissed with prejudice.

**DONE** this 31st day of August, 2009.

*/s/ John E. Ott*
_____
**JOHN E. OTT**
United States Magistrate Judge